CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu

JAN 03 2013

JULIA C. DUDLEY, CLERK
BY: HMcOmag.J
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEROME MALLORY, | ) | Civil Action No. 7:12-cv-00363 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR OF THE | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Jerome Mallory, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred.

I.

The Circuit Court of Louisa County entered petitioner's criminal judgment on October 23, 2009, sentencing petitioner to, inter alia, more than 28 years' incarceration for second-degree murder and two violations of probation. The Court of Appeals of Virginia dismissed petitioner's appeal on July 16, 2010, and petitioner did not appeal to the Supreme Court of Virginia.

On December 17, 2009, petitioner executed a petition for a writ of habeas corpus that he filed in the Circuit Court of Louisa County, which dismissed the petition on April 29, 2010. Petitioner did not appeal that dismissal to the Supreme Court of Virginia. Petitioner filed the instant federal habeas petition on May 8, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on August 17, 2010, when the time expired for petitioner to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Therefore, petitioner had until August 17, 2011, to file a federal habeas petition, pursuant to 28 U.S.C. § 2244(d)(1)(A), but petitioner did not

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).
[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

execute the instant petition until May 8, 2012. Petitioner did not have a properly-filed application for collateral review pending in state court during the one-year limitations period to toll the statute of limitations. Accordingly, petitioner filed the instant habeas petition more than one year after his convictions became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed his federal habeas petition more than one year after the convictions became final, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

3

## III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 3rd day of Jan., 2013.

Senior United States District Judge